Monday, August 26, 2013 3:47:17 PM Central Daylight Time

**Subject:** FW: RD Litigation Revised Agreement
**Date:** Wednesday, January 12, 2011 11:09:17 AM Central Standard Time
**From:** Gary Maddock
**To:** Stephen Capron
**CC:** mhentges@meh-a.com

Steve



*Redacted: Privileged*

Gary

Gary L. Maddock
11936 W. 119th Street, #358
Overland Park, KS 66213
Phone 913.685.9000
Cell 913.207.3113
Fax 913.273.0563

Email gary@maddock.biz

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual(s) or entity(ies) named above. If the recipient or reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please DELETE IT and call me at (913) 685-9000 IMMEDIATELY!.

---

**From:** Gary Maddock
**Sent:** Friday, October 22, 2010 1:38 PM
**To:** Chris Stant; 'Cliff Olsen'
**Cc:** 'Megan Asset Management'; 'p maddock'; Michael E. Hentges; Gary Maddock
**Subject:** RD Litigation Revised Agreement

Cliff and Chris

Attached is a proposed amendment to the Consulting Agreement on which I have changed the payment of the Consulting Fee and the Escrow Agent to Cliff as an atty as we agreed this morning. The changed language is redlined, so please take a quick look at it and let me know if it is OK, today preferably, so I can get Cathy in Paul's office to make the changes in each of the agreements, have Paul sign them and get them

overnighted to you for delivery on Monday or Tuesday for Cliff's signature.

As I changed the Consulting Fee langrage in each agreement, we don't need to do a side agreement.

Call or email me if you have any questions.

Gary

Gary L. Maddock
11936 W. 119th Street, #358
Overland Park, KS 66213
Phone 913.685.9000
Cell 913.207.3113
Fax 913.273.0563

Email gary@maddock.biz

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual(s) or entity(ies) named above. If the recipient or reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please DELETE IT and call me at (913) 685-9000 IMMEDIATELY!.

## CONSULTING and FINANCIAL ARRANGEMENTS AGREEMENT

This Agreement entered into this ___ day of October, 2010 by and between Housing & Tax Consultants, LLC, having an address of P.O. Box 701738, Tulsa, OK 74170 and MG Consulting Services, LLC, having an address of 1424 W. Century Avenue, #102, Bismarck, ND 58503, the "Consultants", Clifford E. Olsen, Esq., having an address of 2701 Houma Blvd., Metairie, LA 70006, the "Special Counsel", **Bloomfield Partnership, Ltd**, a Louisiana limited partnership, the "Partnership", having an address of 2701 Houma Blvd., Metairie, LA 70006, Olsen Securities Corporation, having an address of 2701 Houma Blvd., Metairie, LA 70006, the "General Partner(s)", and Clifford E. Olsen, 2701 Houma Blvd., Metairie, LA 70006, the "Financier(s)".

### WITNESSETH

**WHEREAS**, the Partnership owns and operates a 32-unit, low income housing apartment complex located in Sunset, LA (the "**Apartment Complex**"), which has been financed through a permanent mortgage from Rural Development Services, a division of the United States Department of Agriculture, formerly the Farmers Home Administration ("FmHA");

**WHEREAS,** the General Partner(s) of the Partnership have the right to manage the Partnership, hereinafter referred to in that capacity as the General Partner(s);

**WHEREAS**, the General Partner(s) believe the Partnership and its partners have been substantially damaged by actions of FMHA as the mortgage lender of the Apartment Complex;

**WHEREAS,** numerous other partnerships owning similar apartment complexes financed by FmHA have successfully filed lawsuits in the United States Court of Federal Claims ("COFC") in the matters of *Adams v. United States*, No. 96-699C; *A.F.T.E.R. Incorporated v. United States*, No 03-CV-2264C; *Allegre Villa v. United States*, No. 98-826-C; *Chancellor Manor v. United States*, No 98-39C; *Franconia Associates v. United States*, No. 97-381C; *Grass Valley Terrace v. United States*, No. 98-726-C; and *Sheyanne Development v. United States* No. 96-755-C, such lawsuits constitute the TUCKER ACT FMHA HOUSING CLAIMS Client Group ("Client Group");

**WHEREAS**, as the Partnership does not have sufficient funds to pursue a claim for damages against FmHA, Financier(s) have agreed to contribute the necessary funds to enable the Partnership to pursue damages through accounting and legal claims and/or lawsuits;

**WHEREAS,** neither the Partnership nor the General Partner(s) have the time, knowledge and expertise necessary to make the analysis and put together the factual matter and documentation necessary to pursue the Partnership's claim for damages (the "Claim");

**WHEREAS**, Consultants and their principals, affiliates, agents, or employees have the personnel with knowledge and talents necessary for the furtherance of the subject matter of this Agreement, and the pursuit of the Partnership's claims and/or lawsuits;

FMHA TUCKER ACT HOUSING CLAIMS
Page 2 of 9

**WHEREAS**, the Partnership and the General Partner(s) are of desirous engaging the Financier(s) to provide the necessary funds to enable the Partnership to pursue damages through accounting and legal claims and/or lawsuits and the Consultants to provide their consulting services for each of them regarding the subject matter hereof;

**WHEREAS**, because of the legal complexities involving lawsuits which constitute the TUCKER ACT FMHA HOUSING CLAIMS and the Client Group, in a further attempt to enhance and protect the Partnership's Claim, the Partnership and the General Partner(s) are desirous of engaging the Special Counsel to provide such legal services as he deems necessary to enhance and protect the Partnership's Claim; and

**WHEREAS**, all parties expressly understand and accept that Consultants, and their principals, affiliates, agents, or employees, may or may not have accounting, financial and/or legal training, but they do not and are not engaged hereby to provide accounting, financial or legal advice or services to either the Partnership or the General Partner(s), and all parties to this Agreement must rely upon their own professionals for any accounting, financial or legal advice they deem necessary;

NOW, THEREFORE, in consideration of the mutual agreements, covenants and conditions herein contained, it is agreed:

1. The General Partner(s) will have the Partnership join the Client Group in the imminent filing of a TUCKER ACT FMHA HOUSING lawsuit, by signing (i) a legal cost and contingent fee agreement ("Contingent Fee Agreement") to be negotiated by Consultants and reached between the Partnership and a law firm to be selected by Consultants and approved by the General Partner(s) (the "Law Firm") and (ii) this Agreement.

2. The Partnership and the General Partner(s) hereby engage the Financier(s) and the Financier(s) accept the engagement to provide the necessary funds to enable the Partnership to purse damages through accounting and legal claims and/or lawsuits (the "Financings"), as herein provided. For and in consideration of the Financings, the Partnership and the General Partner(s) agree to reimburse and pay the Financier(s) the sums provided in Exhibit C hereto.

3. The Partnership and the General Partner(s) hereby engage the Consultants and the Consultants accept the engagement to provide their consulting services to each of them regarding the subject matter hereof. Consultants are authorized to consult with and perform as general consultants and advisors for the Partnership and the General Partner(s). The Partnership and the General Partner(s) hereby engage Consultants to review all agreements, to assist in the preparation of letters, prepay notices, budget reviews, to verify accuracy of dates on the Apartment Complex's qualifications, review all documents and other records relating to such information needed to pursue monetary settlements or litigation, to evaluate the accuracy of financial offers for damages associated with settlement offer(s) of any claim(s) or lawsuit(s) and to present any and all offers to the General Partner(s) for their approval or disapproval with regard to value of any and all offers. Any final settlement will be approved by the General Partner(s) in writing.

4. The Partnership and the General Partner(s) hereby engage the Special Counsel and the Special Counsel accepts the engagement to provide such of his legal services to each of them as he deems necessary to attempt to enhance and protect the Partnership's Claim regarding the

subject matter hereof.

5. The General Partner(s) on behalf of themselves and the Partnership, have engaged the Financier(s), the Consultants and the Special Counsel in good faith and in connection with such claim(s) and/or lawsuit(s) until the final decision or monetary settlement has been completed. The General Partner(s) will make available for discovery purposes any records or personnel necessary so that a determination of the Claim and value can be established.

6. The General Partner(s) have engaged the Financier(s) to fund the necessary costs of this litigation, including: 1) $150 per unit non-refundable Attorney Fees to the Law Firm; 2) a $5,000.00 non-refundable Consultants' Fee to the Consultants; and 3) other expenses not to exceed $2,500, unless approved in advance by the Financier(s).  The Financier(s) will advance the Attorney Fees when billed by the Attorneys and $3,000 of the Consultants' Fee upon the execution of this Agreement and the funds for the costs upon being invoiced for the same in furtherance of the anticipated claim(s) and/or lawsuit(s).  The balance of the Consultant's Fee of $2,000 shall be paid $1,000 upon the completion of any market study for the Project by the General Partner or upon a determination that no market study is needed for the Project and $1,000 upon a final agreement being reached on the claim whether through negotiations or a judgment being entered but prior to the actual payment upon such final agreement.

7. The Partnership and the General Partner(s) agree to direct the Law Firm to deliver any recovery obtained by the Partnership or the General Partner(s), either as a result of any action, through compromise, or otherwise, in consideration for Consultants' consulting services, the Special Counsel's legal services and Financier(s)' agreement to pay costs and expenses, to the Escrow Agent specified in Exhibit A hereto, to be held by said Escrow Agent pursuant to the Escrow Agreement attached hereto as Exhibit B and distributed by the Escrow Agent, as provided in Exhibit C hereof.

8. In the event that no recovery be received, the Partnership and the General Partner(s) shall not be responsible for any costs attributable to this action.  Financier(s) shall be responsible for the Attorney Fees and costs and Consultants' advance as provided in paragraph 6 hereof.  Financier(s) shall also be responsible for paying all further costs associated with such claim(s) and/or lawsuit(s), up to the $2,500 maximum provided in paragraph 6 above, which shall include any and all "out-of-pocket" costs which are billed pursuant to this Contingent Fee Agreement.

9. Consultants, in addition to the Consultants' Fee, and Special Counsel will be compensated only if an award or recovery is made on behalf of the Partnership or the General Partner(s), and only if an award or recovery exceeds the amount of costs expended by the Financier(s), which costs, as detailed in paragraph 6 above, will be re-paid to the Financier(s) on a priority basis as provided in Exhibit C hereto.

10. The Partnership and the General Partner(s) acknowledge that the Consultants have already accomplished a significant amount of work and spent their own time, resources and money in furtherance of the relevant claim(s) and/or lawsuit(s). Therefore, the Partnership and the General Partner(s) agree, by signing this Agreement, that at no time during the term of this Agreement or the pendency of any claim(s) and/or lawsuit(s) associated with the FMHA TUCKER ACT HOUSING CLAIMS, in which the Partnership is involved, will the Partnership or the General Partner(s) terminate this Agreement with respect to the Consultants, except as a

result of a material breach of this Agreement by the Consultants and which breach is not cured within forty-five (45) days of written notice thereof by the General Partner(s), and the Partnership and the General Partner(s) agree that they shall, at the time of any such termination, pay the Consultants for all expenses incurred by them and their labor costs at their and their principals, affiliates, agents, or employees regular hourly rates, associated with all phases of the engagement by the Consultants to the date of termination and, upon such payment, this Agreement as to the Consultants shall be of no further force or effect.  Any termination of this Agreement with respect to the Consultants, shall be without prejudice to any of the Consultants' other available remedies, in equity or in law.

11. The persons or entities signing below on behalf of the Partnership, the General Partner(s), the Financier(s), the Special Counsel and the Consultants hereby represent that they have the power and authority to enter into this Agreement on behalf of the respective entities for which they are signing, and have obtained all necessary consents to bind those respective entities to the terms hereof. This Agreement is binding on the Partnership, the General Partner(s), the Financier(s), the Special Counsel and the Consultants, as well as on each such entity's successors and assigns in accordance with its terms. In the event the Partnership or the General Partner(s) sell the Apartment Complex to which the claims and/or lawsuits relate, the Partnership and the General Partner(s) agree to: 1) immediately notify the Consultants; 2) retain and not assign the Partnership's cause(s) of action or claims giving rise to such lawsuit(s) or award therefrom; 3) obtain a binding commitment from the buyer that it will subject the Apartment Complex to any and all terms of a settlement agreement by the Partnership in the Tucker Act Litigation, including, but not limited to, waiving any right to pre-payment of the USDA-RD mortgage loan and to keep the Apartment Complex in the USDA-RD program for the duration of the term of the original 50-year mortgage; and 4) keep the Partnership in existence until the lawsuits are finally resolved.

IN WITNESS WHEREOF, the Partnership, the General Partner(s), the Consultants, the Financier(s) and the Special Counsel have executed this Agreement as of the ____ day of October, 2010.

Housing & Tax Consultants, LLC, Consultant

_____          _____
By:  Michael E. Hentges, Manager                                                Date

MG Consulting Services, LLC, Consultant

_____          _____
By:  Paul J. Maddock, Manager                                                     Date

_____          _____
Clifford E. Olsen, Esq., Special Counsel                                      Date


Bloomfield Partnership, Ltd ("Partnership")
By: Olsen Securities Corporation, General Partner

_____          _____

FMHA TUCKER ACT HOUSING CLAIMS
Page 5 of 9

By: Clifford E. Olsen, President                                                         Date

_____                              _____
Clifford E. Olsen, Financier                                                              Date