IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

HOUSING & TAX CONSULTANTS, LLC, )
and  MG CONSULTING SERVICES, LLC, )
)
       Plaintiffs, )
) Case No. 13-CV-522-GKF-PJC
v. )
)
CLIFFORD E. OLSEN and )
OLSEN SECURITIES CORPORATION, )
)
       Defendants. )

## OPINION AND ORDER

Before the court is the Motion to Remand [Dkt. #16] filed by plaintiffs Housing & Tax Consultants, LLC and MG Consulting Services, LLC.  Defendants Clifford E. Olsen and Olsen Securities Corporation oppose the motion.

**Background and Procedural History**

Plaintiffs filed suit against defendants in Tulsa County District Court on February 7, 2011, asserting a claim for breach of a consulting contract and seeking actual damages of $57,000. [Dkt. #2 at 25-26, Petition].  On August 16, 2013, defendants removed the case to this court on the basis of diversity jurisdiction.  [Dkt. #2].  In their Notice of Removal, defendants asserted that they had only discovered plaintiffs were seeking damages in excess of $75,000 on August 2, 2013, when plaintiffs, in interrogatory responses, alleged damages in excess of $2.5 million.  [*Id.* at 3-5].  Invoking 28 U.S.C. § 1446(c)(1), they alleged plaintiffs had acted in bad faith to prevent them from removing the case earlier. [*Id.* at 2].

Plaintiffs moved to remand the case, arguing defendants were aware they sought damages in excess of $75,000 at least since April of 2012, and therefore removal was untimely under 28 U.S.C. § 1446(b)(3).

### Applicable Standard of Review

"[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001), *cert. granted,* 544 U.S. 998 (2005), *aff'd,* 546 U.S. 132 (2005). As the parties invoking the federal court's jurisdiction in this case, defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present. *Id.* (citing *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1079 (10th Cir. 1999)).

### Discussion

Under 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Under 28 U.S.C. § 1446(c)(1), a case may not be removed under § 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Additionally, § 1446(c)(3)(B) provides:

> If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

Defendants acknowledge removal occurred more than one year after the case was filed, but argue plaintiffs, acting in bad faith, deliberately failed to disclose the magnitude of damages they were

2

seeking until they served interrogatory responses in August 2013; therefore, under § 1446(c)(1), removal is timely.

Section 1446(c)(1) became effective on January 6, 2012.  *See Richfield Hospitality Inc. v. Charter One Hotels and Resorts, Inc.*, --- F. Supp.2d ----, 2013 WL 561256, *2 (D. Colo.) (discussing history and Congressional intent of amendment).  As the court in *Richfield* explained:

> Congress originally added the one-year limitation on diversity removal to former section 1446(b) as part of the 1988 Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, § 1016, 102 Stat. 4642, 4669-70 (1988), as "a means of reducing the opportunity for removal after substantial progress has been made in state court," **H.R. Rep.** No. 100-889 at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N 5982, 6032 (subsequently presented to the Senate, 134 Cong. Rec. S16308-09 (daily ed. Oct. 14, 1988)).  Ever since, courts and commentators have noted that the provision could "invite tactical chicanery" by allowing plaintiffs to circumvent removal jurisdiction by adding, dismissing, or serving parties, or alternatively, by amending their allegations regarding the amount in controversy, after the deadline has expired. David D. Siegel, **Commentary on 1988 Revision of Section 1446**, 28 U.S.C.A. § 1446 (1994); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n. 12 (11th Cir. 1994).  In response courts adopted varying approaches to deal with such circumstances.  Some relied on equitable principles to allow otherwise out-of-time removals, while others hewed to a strict interpretation of the statute.  *See Burns*, 31 F.3d at 1097 n. 2 (citing cases).
>
> Congress now has sought to close this loophole in the law by the inclusion of the bad faith exception, now codified at section 1446(c)(1), which was part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub.L. No. 112-63, 125 Stat. 758 § 103 (2011).

*Id.* (emphasis in original).

Critical to this case, however, is the issue of whether the amendment applies to cases filed before the January 6, 2012 effective date.  It does not.  As the court in *Richfield* stated:

> The Act was approved on December 7, 2011, and the relevant amendments to section 1446 became effective on January 6, 2012.  *See id.* § 105(a) ("[T]he amendments made by this title shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act[.]").
>
> The amendments apply to "any action or prosecution commenced on or after [the] effective date" of the Act.  *Id.*  For purposes of determining when an action was commenced, the Act provides that "an action or prosecution commenced in State

3

> court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." *Id.* § 105(b).

*Id.*

Under Oklahoma law, this case was commenced when the state court petition was filed. *See* 12 Okla. Stat. § 2003.  Since this case was filed on February 7, 2011, the bad faith exception to the one-year bar set out in § 1446(c)(1) does not apply, and defendants' removal was untimely.  *See Jordan v. Lowery*, 2013 WL 3479655, *1 (E.D. Okla.) (holding that § 1446(c)(1) did not apply to case commenced in Oklahoma state court prior to the effective date of the amendment).[1]  *See also Richfield,* *2 (same holding regarding case commenced in Colorado state court before the effective date of the amendment).

Therefore, plaintiffs' Motion to Remand [Dkt. #16] is granted.  The Clerk of this court is directed to remand this case to the District Court in and for Tulsa County.  The court makes no finding concerning defendants' allegations of bad faith.

ENTERED this 18th day of November, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Jordan*, defendants acknowledged that suit was filed before enactment of § 1446(c)(1), but argued that under pre-amendment law, the court had the equitable authority to allow removal and deny a motion to remand where the one-year period had expired.  However, the court, citing *Caudill v. Ford Motor Co.*, 271 F. Supp.2d 1324, 1327 (N.D. Okla. 2003), and *Jackman v. Select Specialty-Hospital-Kansas City, Inc.*, 2009 WL 3672509, *3 n. 13 (D. Kan. 2009), concluded that "[c]ases within the Tenth Circuit . . . do not appear to have adopted this position." 2013 WL 3479655, *1.